IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BROCK WEAST                                                                                PLAINTIFF

VS.                                    3:09CV00196-JMM

FAMILY DOLLAR DISTRIBUTION CENTER, et al.                         DEFENDANTS

ORDER

Pending before the Court is the Motion to Dismiss filed on behalf of Family Dollar Services, Inc. ("Family Dollar"), Anita Brown-Wilson ("Brown-Wilson"), and Yvonne Carr ("Carr"). (Docket # 46). Plaintiff has filed a response. For the reasons set forth below, the Motion to Dismiss is GRANTED.

Plaintiff's original *pro se* Complaint, filed November 10, 2009, set forth allegations of sexual harassment and retaliation against Family Dollar pursuant to Title VII, 42 U.S.C. §§2000e, *et. seq*. On February 1, 2010, Plaintiff filed an Amended Complaint adding individual defendants as well as a sexual harassment claim under the Arkansas Civil Rights Act, Ark. Code Ann. §§16-123-102, *et. seq*.

I.      Standard Under Rule 12(b)(6)

The United States Supreme Court clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 555, *see also*, *Neitzke v.*

*Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred." *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 550 U.S. at 558. (internal citations omitted).

II. <u>Discussion of the Law</u>

Title VII prohibits an employer from discharging an individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Neither Brown-Wilson nor Carr are an "employer" as that term is defined under Title VII and, therefore, they are not subject to suit under Title VII in their individual capacities. Title VII prohibits discrimination in employment by "employers," not co-workers or supervisors. *Smith v. St. Bernards Regional Medical Center,* 19 F.3d 1254, 1255 (8th Cir. 1994) ("liability under 42 U.S.C. § 2000e(b) can attach only to employers."); *Bonomolo-Hagen v. Clay Central-Everly Community School Dist.,* 121 F.3d 446, 447 (8th Cir. 1997) ("supervisors may not be held individually liable under Title VII.") . To the extent Plaintiff is attempting to sue these individuals in their official capacities, the Court finds the addition of the individual defendants redundant as Plaintiff has sued his employer. Allegations under the Arkansas Civil Rights Act are analyzed in the same manner as Title VII claims. *Clegg v. Ark. Dept. of Corr.,* 496 F.3d 922, 926 (8th Cir.2007). Therefore, Plaintiff's

Title VII and ACRA claims against Brown-Wilson and Carr will be dismissed.

Defendants argue that Plaintiff's Constitutional claims should be dismissed because Plaintiff has not claimed any harm by governmental action. The Court finds that Plaintiff has failed to state any facts which support a Constitutional claim. To the extent Plaintiff is attempting to allege a Constitutional due process or equal protection violation, these claims require state action. "The Due Process Clause of the Fourteenth Amendment applies only to state actors, not federal actors or private parties." *Mooney v. Mid South Health Systems,* 2008 WL 276291, 3 (E.D.Ark., 2008). "A fundamental principle of federal constitutional law is that private action, no matter how egregious, can not violate the equal protection or due process guarantees of the United States Constitution." *Medical Institute of Minnesota v. National Ass'n of Trade and Technical Schools,* 817 F.2d 1310, 1312 (8th Cir. 1987).

III.   Conclusion

For these reasons, Plaintiff's allegations of Constitutional claims against all parties and discrimination claims against Brown-Wilson and Carr are hereby dismissed. Defendants' Motion to Dismiss (Docket # 46 ) is GRANTED.

IT IS SO ORDERED this 12th day of May, 2010.

_____
James M. Moody
United States District Judge