IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BROCK WEAST                                                              PLAINTIFF

VS.                              3:09CV00196-JMM

FAMILY DOLLAR DISTRIBUTION CENTER, et al.            DEFENDANTS

ORDER

Pending before the Court is the Motion to Dismiss filed on behalf of Delrick Rozier (incorrectly named "Tony Roxi") and David Barnum (incorrectly named "Dave Bonner"). (Docket # 48). Plaintiff has filed a response. For the reasons set forth below, the Motion to Dismiss is DENIED without prejudice to renew.

Plaintiff's original *pro se* Complaint, filed November 10, 2009, set forth allegations of sexual harassment and retaliation against Family Dollar pursuant to Title VII, 42 U.S.C. §§2000e, *et. seq*. On February 1, 2010, Plaintiff filed an Amended Complaint adding individual defendants as well as a sexual harassment claim under the Arkansas Civil Rights Act, Ark. Code Ann. §§16-123-102, *et. seq*.

Discussion

Defendants move for dismissal contending that service of process was insufficient. The record reflects that Plaintiff attempted to serve Delrick Rozier and David Barnum by certified mail addressed to "Toni Roxi c/o Family Dollar Services, Inc." and "Dave Bonnar c/o Family Dollar Services, Inc." Defendant Rozier is a former Operations Manager and his last day of employment with Family Dollar was June 18, 2009. Defendant Barnum is a former Regional

Vice President of Distribution and his last day of employment with Family Dollar was July 9, 2009.  The certified letters were received and signed for by Diane Robinson, a security officer at Family Dollar.

Rule 4 of the Federal Rules of Civil Procedure requires that a summons or a copy of a summons directed to the individual defendant be served along with the complaint in accordance with Rule 4(e).  The plaintiff has the ultimate burden of establishing the validity of service of process.  *Northrup King Co.v. Compania Productora Semillas Algodeneras Selectas, S.A.*, 51 F. 3d 1383, 1387 (8th Cir. 1995).  The procedural requirement of service of summons must be satisfied for a court to have jurisdiction over a defendant. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97,104 (1987).

The summons issued at Plaintiff's request was deficient as Delrick Rozier and David Barnum were not properly identified.  Further, Plaintiff's attempt to serve these individuals through Family Dollar is insufficient.  These defendants are no longer employed by Family Dollar and Plaintiff offers no evidence that Ms. Anderson is an agent authorized by appointment or by law to receive service of process on their behalf.

Plaintiff is proceeding *in forma pauperis* and is required to provide an address for service of process.  See *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir.) (per curiam) (plaintiffs proceeding in forma pauperis are responsible for providing defendants' addresses), *cert. denied*, 510 U.S. 875, 114 S.Ct. 209, 126 L.Ed.2d 166 (1993).  Federal Rule of Civil Procedure 4(m) allows Plaintiff 120 days to effectuate service.  Plaintiff's amended complaint was filed on February 1, 2010, accordingly, Plaintiff has up to and including June 1, 2010 in which to correct the Defendants' names and provide correct addresses to allow for proper service in accordance with Fed. R. Civ. P. 4.

## Conclusion

Accordingly, Defendants' motion to dismiss is denied without prejudice to renew.

IT IS SO ORDERED this 14th day of May, 2010.

_____
James M. Moody
United States District Judge